Barbara J. WESTBERRY, Appellant,

v.

Togo D. WEST, Jr., Secretary of
Veterans Affairs, Appellee.

No. 96–1442.

United States Court of Appeals
for Veterans Claims.

Aug. 9, 1999.

Cindy B. Smith, was on the pleadings for appellant.

Robert E. Coy, Acting General Counsel; Ron Garvin, Assistant General Counsel; R. Randall Campbell, Deputy Assistant General Counsel; and James L. Calis, were on the pleadings for appellee.

Before NEBEKER, Chief Judge, and KRAMER and IVERS, Judges.

IVERS, Judge, filed the opinion of the Court. KRAMER, Judge, filed a concurring opinion.

IVERS, Judge:

In a January 1999 single-judge memorandum decision, the Court affirmed a July 25, 1996, decision of the Board of Veterans' Appeals (BVA or Board) which denied an effective date earlier than March 1, 1993, for award and payment of death pension benefits. The appellant, Barbara J. Westberry, subsequently filed a motion for reconsidera-tion of the Court's decision or, in the alternative, a panel decision. For the reasons set forth below, the Court withdraws the January 11, 1999, memorandum decision for this case, grants the motion for a panel decision, and affirms the Board's July 1996 decision.

## I. FACTS

The appellant is the widow of the deceased veteran, Lamar Westberry. R. at 19, 33, 71. The veteran served on active duty from February 1951 to January 1954, and from October 1954 to December 1955. R. at 15–16. On February 7, 1987, the veteran died as a result of cardiorespiratory arrest due to laryngeal carcinoma. R. at 33. At the time of his death the veteran had been receiving a VA pension. R. at 21–25.

On February 9, 1987, the appellant called the VA regional office to report the veteran's death. R. at 35. A VA Report of Contact noted the appellant's call and that the veteran had died at his sister's home. *Id.* The record evidence includes an undated letter from the veteran in which he stated that his wife had left him and that his sister was taking care of him. R. at 27–28. Also in the record is an Improved Pension Eligibility Verification Report completed by the veteran in December 1986, on which he indicated that he was married but not living with or providing support for his spouse. R. at 30.

In February 1993, the appellant applied for VA death pension benefits. R. at 47–50. In response to a March 1993 letter from VA requesting details about her separation from the veteran, the appellant submitted her statement and police reports documenting incidents that occurred in early 1986 when the veteran had threatened the appellant and her family. R. at 55–62, 69. A March 1986 police report noted that "Mr. Westberry ha[d] a very extensive past," and that he "should be considered dangerous." R. at 62. In a July 1993 letter, VA notified the appellant that her claim for a pension had been approved with an effective date for payments of March 1, 1993. R. at 71.

In August 1993, the appellant wrote letters to her federal congressional representatives

asking for their help in getting her widow's pension for the period from February 1987 to February 1993. R. at 73–74. In the letters she wrote about her 1987 call to VA when the veteran died, and about being told by a VA representative during that call, in response to her inquiry about how to file a claim for "widow's benefits," that she was ineligible for any benefits since she did not have minor children living at home. R. at 73.

In September 1993, the appellant filed a Notice of Disagreement (NOD) asking for correction of the error committed by VA in February 1987, when a VA counselor told her that she "was not eligible to file [for widow's benefits] because [she] had no minor children." R. at 76. She stated in the NOD that she "was denied 6 yrs of widow's benefits [she] would have otherwise been able to receive." R. at 76. The appellant filed a substantive appeal in November 1993, reiterating these concerns. R. at 85–86.

At a February 1994 BVA hearing, the appellant testified that she had inquired about how she could receive her "widow's pension" when she made the 1987 call about the veteran's death. R. at 99. She testified that she had asked whether the pension was automatic or whether she had to answer questions on the telephone or fill out papers, and that the VA benefits counselor had simply told her that she did not qualify for any benefits since she did not have minor children living at home. *Id.*

At the February 1994 BVA hearing and in the July 1996 BVA decision that is presently on appeal, the issue was framed as entitlement to an earlier effective date for an award and payment of death pension benefits. R. at 4, 98. In support of its denial of an earlier effective date, The Board wrote that it could "find no basis in the evidence or under the applicable law governing effective dates for awards of benefits on which to grant an effective date earlier than March 1, 1993." R. at 11.

## II. ANALYSIS

Generally, "the effective date of an award based on an original claim, a claim reopened after final adjudication, or a claim for increase, of compensation, dependency and indemnity compensation, or pension, shall be fixed in accordance with the facts found, but shall not be earlier than the date of receipt of application therefor." 38 U.S.C. § 5110(a); *see* 38 C.F.R. § 3.400 (1997). The ultimate issue in this case is whether the March 1, 1993, effective date for the award and payment of death pension benefits is proper. Preliminary issues to be determined, though, are whether the appellant submitted an informal claim for benefits in February 1987, and whether the Board correctly concluded that VA had no duty under 38 C.F.R. § 3.150(b) to send an application for benefits to the appellant upon receipt of notice of the veteran's death.

### A. Informal Claim

The appellant's main contention in this appeal is that her telephone conversation with a VA benefits counselor in February 1987 sufficiently indicated her intent to apply for death pension benefits to be considered an informal claim as defined by 38 C.F.R. § 3.155(a). Appellant's Brief (Br.) at 8–12. Since VA's July 1993 letter informing the appellant of the grant of death pension benefits effective March 1, 1993, the appellant has consistently contended that she tried to apply for the benefits two days after the veteran's death and that the benefits should, therefore, be effective from that time in 1987. R. at 73–74, 76, 85–86, 98–99.

■ "Any communication or action, indicating an intent to apply for one or more benefits under the laws administered by the Department of Veterans Affairs … *may* be considered an informal claim. Such informal claim must identify the benefit sought." 38 C.F.R. § 3.155(a) (1998) (emphasis added). When a claimant submits an informal claim for VA benefits and VA does not respond by forwarding an application form to the claimant, the date of the informal claim "must be accepted, as a matter of law, as the date of [the] 'claim' or 'application' for purposes of determining an effective date." *Servello v. Derwinski*, 3 Vet.App. 196, 200 (1992); *see*

*Hamilton v. Brown,* 4 Vet.App. 528, 544 (1993) (en banc), *aff'd,* 39 F.3d 1574 (Fed.Cir. 1994); *Quarles v. Derwinski,* 3 Vet.App. 129, 137 (1992).

Determining whether an informal claim has been filed usually requires an application of the law—that is, the definition of an informal claim found at 38 C.F.R. § 3.155(a)—to the facts of a particular case. This Court reviews the Board's application of the law to the facts under the deferential standard of review articulated in 38 U.S.C. § 7261(a)(3)(A). *See Butts v. Brown,* 5 Vet. App. 532, 538–40 (1993) (en banc). Specifically, a BVA decision that results from an application of the law to the facts will not be set aside by the Court unless it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 38 U.S.C. § 7261(a)(3)(A).

■ The record evidence confirms that the appellant telephoned VA on February 9, 1987, and reported the veteran's death. R. at 35. The appellant contends that, during that call, she asked the VA benefits counselor what she had to do to get widow's benefits. *See* R. at 73, 76, 85–86, 99. In the veteran's VA claims file at that time, however, was a letter from the veteran stating that his wife, the appellant, had left him, and an Improved Pension Eligibility Verification Report on which the veteran had indicated that he was married but not living with or providing support for his spouse. R. at 27–30. Based on this information, it was not an improper exercise of discretion for the Board to conclude that the appellant's call to report the death of the veteran was no more than a request for information, and was not an informal claim. *See* R. at 10–11. At the time of his death, the veteran's claims file contents indicated that the appellant and the veteran were separated, which would generally preclude the appellant from receiving death pension benefits under the law. *See* 38 U.S.C. §§ 101(3), 1521(j), 1541(a).

The Board's conclusion that the appellant's February 1987 telephone call to report the veteran's death was not an informal claim, but rather a request for information, was not "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 38 U.S.C. § 7261(a)(3)(A). The reasons given by the Board in support of its conclusion are adequate, particularly in light of the material fact that information in ˙the veteran's VA claims file at the time of his death showed that he and the appellant were separated. *See* 38 U.S.C. § 7104(d) (Board is required to give reasons and bases for its conclusions).

While we need not reach the question of whether an informal claim can be oral, an issue addressed in Judge Kramer's concurring statement, the majority notes that 38 C.F.R. § 3.1(p) provides the definition of a· claim *application,* not just a claim. Section 3.155(a) of title 38, Code of Federal Regulations, explicitly defines an informal claim, and allows *any* communication or action indicating an *intent* to apply to constitute an informal claim.

### B. 38 C.F.R. § 3.150(b)

■ In support of her appeal for an earlier effective date, the appellant has also argued that VA was required to provide the appellant with an application for benefits pursuant to 38 C.F.R. § 3.150(b), and failed to do so. Appellant's Reply Br. at 5–7. "Upon receipt of notice of death of a veteran, the appropriate application form will be forwarded for execution by or on behalf of any dependent who has *apparent* entitlement to pension, compensation, or dependency and indemnity compensation." 38 C.F.R. § 3.150(b) (emphasis added). As noted previously, the information in the veteran's claims file at the time the appellant reported his death to the VA benefits counselor showed that he and the appellant were separated. R. at 27–30. Separation generally precludes the spouse of a veteran from eligibility for death pension benefits. *See* 38 U.S.C. §§ 101(3), 1541(a); 38 C.F.R. § 3.50(b)(1). VA did not have any information, at the time that the appellant reported the veteran's death, that her separation from him "was due to the misconduct of, or procured by, the veteran without the fault of the [appellant]," a statutory exception that would

have qualified her for death pension benefits and obligated VA to forward an application to her based on her "apparent entitlement." 38 U.S.C. § 101(3); 38 C.F.R. § 3.150(b).

While the VA Adjudication Procedure Manual, M21–1, Part IV, para. 6.01, has not been made an issue here, assuming, but not deciding, that that provision has the force of a duly promulgated regulation, even then, in order to be a prospective claimant, one must have "apparent entitlement." *See Smith v. Brown,* 35 F.3d 1516, 1523 (Fed.Cir.1994) (canons of statutory interpretation apply to interpreting regulations); *Lorenzano v. Brown,* 4 Vet.App. 446, 449 (1993) (quoting 2A N. SINGER, SUTHERLAND ON STATUTORY CONSTRUCTION § 46.05 (4th ed.1984) ("each part of section of a statute should be construed in connection with every other part or section so as to produce a harmonious whole")).

### C. Effective Date for Award of Death Pension Benefits

Assignment of an effective date for an award of VA benefits is a factual determination reviewed by the Court under the "clearly erroneous" standard of review. *Quarles,* 3 Vet.App. at 134–36; *see Hanson v. Brown,* 9 Vet.App. 29, 32 (1996); *Gilbert v. Derwinski,* 1 Vet.App. 49, 53 (1990). Having determined that the appellant's February 1987 telephone call to VA to report the veteran's death was not an informal claim, and that VA did not have a duty under 38 C.F.R. § 3.150(b) to forward an application for benefits to the appellant, we now find that the Board's conclusion that the appellant was not entitled to an effective date earlier than March 1, 1993, for an award and payment of death pension benefits was not clearly erroneous.

The appellant submitted her application for benefits in February 1993. The effective date of an award based on an original claim is the date the claim is received by VA. 38 U.S.C. § 5110(a). "Payment of monetary benefits based on an award … of … pension may not be made to an individual for any period before the first day of the calen-

dar month following the month in which the award … became effective." 38 U.S.C. § 5111. There is a plausible basis in the record for the Board's conclusion that the effective date of the appellant's award and payment of death pension benefits was March 1, 1993. Her application was received in February 1993, and, pursuant to the controlling statute, payment of her pension was made effective the first day of the next calendar month.

The evidence indicating that the veteran's misconduct was the reason that he and the appellant were separated at the time of his death was not received by VA until after the appellant filed her claim for death pension benefits in February 1993. R. at 55–62, 69. While this evidence shows that the appellant may have been eligible for the benefits at the time of the veteran's death in February 1987, the effective date of the death pension is controlled, as a matter of law, by the date of the application for the benefits. 38 U.S.C. § 5110(a); *see* 38 C.F.R. § 3.400 (1997). The Court has determined that the Board's assignment of the effective date for award and payment of the appellant's death pension was correct as a matter of law. The Court notes, however, the Secretary's statutory authority "to take equitable considerations into account in reviewing claims for administrative error." *Schleis v. Principi,* 3 Vet.App. 415, 418 (1992); *see* 38 U.S.C. §§ 503(a), 7252.

### III. CONCLUSION

Accordingly, for the reasons stated herein, the appellant's motion for single-judge reconsideration of the January 11, 1999, memorandum decision is denied, her motion for a panel decision is granted, and the July 25, 1996, decision of the BVA is AFFIRMED.

KRAMER, Judge, concurring:

I write separately because I believe that we should put to rest any lingering notion that an appellant can file an oral informal claim. Pursuant to 38 C.F.R. § 3.155(a) (1998):

Any communication or action, indicating an intent to apply for one or more benefits under the laws administered by the De-

partment of Veterans Affairs ... may be considered an informal claim. Such informal claim must identify the benefit sought. Upon receipt of an informal claim, if a formal claim has not been filed, an application form will be forwarded to the claimant for execution. If received within 1 year from the date it was sent to the claimant, it will be considered filed as of the date of receipt of the informal claim.

Although the language of 38 C.F.R. § 3.155(a) is broad, it neither explicitly authorizes nor explicitly precludes an oral informal claim. However, its use of the phrase "[u]pon receipt" gives rise to an inference that a writing may be required. That inference becomes a mandate pursuant to 38 C.F.R. § 3.1(p) (1998), which defines a claim as "a formal or informal communication *in writing* requesting a determination of entitlement or evidencing a belief in entitlement, to a benefit." (Emphasis added.) Further, even assuming that a *written* informal claim does not violate the statutory prescriptions in 38 U.S.C. §§ 5101(a), 5105(a), and 5110(a), which together generally prohibit the payment of benefits prior to the date of receipt of an application for benefits in the form prescribed by the Secretary, there can be little doubt that awarding benefits based on the date of receipt of an *oral* informal claim, when only a written document is contemplated by the statute, would be inconsistent with the statutory framework. Consequently, I believe that an oral informal claim is precluded.