# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 96-1442

BARBARA J. WESTBERRY,                                          APPELLANT,

v.

TOGO D. WEST, JR.,
SECRETARY OF VETERANS AFFAIRS,                               APPELLEE.

Before NEBEKER, *Chief Judge*, and KRAMER, FARLEY,
HOLDAWAY, IVERS, STEINBERG and GREENE, *Judges*.

O R D E R

On August 9, 1999, a panel issued an opinion in this appeal, affirming a July 26, 1996, Board of Veterans' Appeals decision that denied an effective date earlier than March 1, 1993, for award and payment of death pension benefits. On November 24, 1999, the appellant, through counsel, filed a motion for a full Court decision.

Motions for a full Court decision are not favored. Ordinarily they will not be granted unless such action is necessary to secure or maintain uniformity of the Court's decisions or to resolve a question of exceptional importance. In this appeal, the appellant has not shown that either basis exists to warrant a full Court decision.

Upon consideration of the foregoing, the record on appeal, and the appellant's motion for a full Court decision, it is

ORDERED that the motion for a full Court decision is DENIED.

DATED:       February 3, 2000                              PER CURIAM.

STEINBERG, *Judge*, dissenting: I cannot join in the en banc order denying the appellant's November 24, 1999, motion for a full Court decision. I believe that the appellant presents a strong argument that the Court's opinion in *Westberry v. West*, 12 Vet.App. 510 (1999) (*Westberry I*), will result in an unauthorized, premature adjudication by the Department of Veterans Affairs (VA) of surviving-spouse eligibility prior to sending the application for death pension required by 38 C.F.R. § 3.150(b) (1999). Such a pre-mailing adjudication appears not to be in accordance with applicable law and regulation. Hence, I am inclined to grant the motion and thus voted to require the Secretary to submit a response to the appellant's motion before the Court rules on it.

Under 38 C.F.R. § 3.150(b), "[u]pon receipt of notice of death of a veteran, the appropriate application form will be forwarded for execution by or on behalf of any dependent who has apparent entitlement to pension, compensation, or dependency and indemnity compensation." 38 C.F.R. § 3.150(b). In *Westberry I*, the Court held that VA had no obligation to send the appellant an application form pursuant to § 3.150(b), because the veteran's claims file had contained information, provided by the veteran himself, that showed that "at the time [that] the appellant reported [the veteran's] death to . . . [VA] he and the appellant were separated". *Westberry I*, 12 Vet.App. at 513. The Court determined that, in view of what it termed a "general[ ]" bar set forth in 38 U.S.C. § 101(3) against the eligibility of a separated spouse for death-pension benefits, the appellant's entitlement to pension was not "apparent" within the meaning of the regulation. *Westberry I*, 12 Vet.App. at 513-14. The Court so ruled notwithstanding the fact that the section 101(3) bar against eligibility does not, as the Court correctly noted, apply when the separation "'was due to the misconduct of, or procured by, the veteran without the fault of the [appellant]'". *Westberry I*, 12 Vet.App. at 513 (quoting 38 U.S.C. § 101(3)).[1]

In the instant motion, the appellant argues that the Court's holding, above, requires an adjudication of a separated spouse's death-benefits eligibility prior to sending to that potential claimant the form required by § 3.150(b), and, in fact, prior to having obtained any facts from the separated nonveteran spouse regarding the reason for the separation from the veteran (and, conversely, having obtained only the veteran's side of the story).[2] Motion (Mot.) at 8-11. In this

---

[1] As it turns out, the appellant had in fact not been at fault for the separation and had left the veteran because the veteran had a history of violence and "had threatened the appellant and her family." *Westberry v. West*, 12 Vet.App. 510, 511 (1999) (*Westberry I*). Thus, it appears that the appellant would not have been barred by 38 U.S.C. § 101(3) from receiving death-pension benefits at the time of her initial inquiry to the Department of Veterans Affairs (VA).

[2] Such reliance on only the veteran's notification of his separation from the appellant had particularly harsh consequences in this case where, as noted in note 1, *supra*, the appellant had been the victim of spousal abuse. Moreover, as indicated by the appellant in the instant motion, in this case "the veteran was in receipt of VA pension for himself ***and the [a]ppellant*** at the time of his death" and therefore VA was on notice of the "[a]ppellant's basic entitlement to death pension benefits through . . . documentation showing a valid marriage, that the veteran met the length of service and period of war requirements, and that the [a]ppellant had no income . . . and where the [a]ppellant's address was readily available in the file". Motion at 2-3.

In addition, the majority opinion failed to respond to the following assertion by the appellant, contained in her reply brief, which emphasizes the inherent lack of fairness in the procedures employed by VA in this matter and emphasizes as well how the majority opinion ignores relevant facts involved in this case:

> The evidence does not show that [VA] . . . failed to send the proper application forms to the [a]ppellant because it had determined or assumed that she was not apparently entitled to benefits. Rather, the evidence clearly shows that the reason [VA] failed to send the proper application forms to the [a]ppellant was because it failed to properly record the veteran's death when the [a]ppellant's [sic] reported it on February 9, 1987. This is supported by the fact that on February 18, 1987, nine days after the [a]ppellant had reported her husband's death, . . . VA ***wrote to the veteran***, advising him to supply further information concerning his separation from the [a]ppellant which he had reported in December 1986, in order to avoid an overpayment of the dependent portion of his pension. [Record (R.) at] 37. Also, [VA] continued to send his pension checks through March 1987 and continued to

2

regard, she argues that the definition of "apparent" should require only a "*minimal* showing of *possible* entitlement", and thus should include a separated spouse because, as in this case, the separated spouse may not have been at fault in the separation. Mot. at 5.

In this regard, I note that the U.S. Court of Appeals for the Federal Circuit has made clear that, in view of the nonadversarial nature of the VA claims-adjudication process, interpretive doubt as to the meaning of VA regulations is to be resolved in the claimant's favor.[3] I believe that the Court's opinion in *Westberry I* should have addressed this general rule of construction. Moreover, the appellant cites to numerous sections of VA's own VA Adjudication Procedure Manual, M21-1, [hereinafter Manual M21-1], that may be reasonably read as showing that VA has interpreted § 3.150(b) as requiring a broad construction of the term "apparent dependent", such that an application form should be sent to all potential dependents and that VA should undertake an adjudication of entitlement *only* after such an application form has been sent and returned and all the pertinent facts are gathered. Mot. at 13-15 (quoting, inter alia, MANUAL, M21-1, Part III, Ch. 6, § 6.13(f)(1) (requiring VA to "[*i*]*nitiate development* of the issue of continuous cohabitation if there is an indication . . . that the veteran and the claimant were not living together immediately prior to the veteran's death")).[4]

---

include a dependent allotment in those checks though at least February 1987. R. [at] 37, 43. Thus, it is clear that in February 1987, [VA] did not have sufficient information to determine whether the couple's separation adversely affected her apparent entitlement to benefits, and could not, therefore, have been motivated by any assumption to that effect when it failed to send her the appropriate forms. Indeed, as of February 18, 1987, [VA] did not even know the date that the couple had separated. R. [at] 37.

Reply Brief at 5-6 (emphasis added).

[3] *See*, *e.g.*, *Hodge v. West*, 155 F.3d 1356, 1361, n.1 (Fed. Cir. 1998) (citing the U.S. Supreme Court's injunction in *Brown v. Gardner*, 513 U.S. 115, 118 (1994), that when a statute involving veterans' benefits is unclear "interpretive doubt is to be resolved in the veteran's favor"); *see also Jones (Ethel) v. West*, 136 F.3d 1296, 1299, n.2 (Fed. Cir. 1998) (same); *Allen v. Brown*, 7 Vet.App. 439, 446 (1995) (en banc) (same).

[4] Regarding how the effective date of the appellant's ultimate award of death-pension benefits would be affected by the late date on which she sent to VA the requisite claim form for such benefits, I note that VA's failure to send to a claimant an application form that is required by law and/or regulation often results in the tolling of any deadline by which such form needs to be submitted. *See, e.g., Parham v. West*, 13 Vet.App. 59, 59 (1999) (per curiam order) ("[u]nder the Court's current law, it is well established, under 38 U.S.C. § 5104(a) and 38 C.F.R. §§ 3.103 and 19.25 (1998), that the [VA regional office (RO)] 'must provide notice of the right to appeal in regular and in simultaneously contested claims'" (quoting *Thurber v. Brown*, 5 Vet.App. 119, 123 (1993)) (other citations omitted)); *Lalonde v. West*, 12 Vet.App. 377 (1999) ("[a]fter an informal claim has been received, the Secretary's failure to forward a formal application form to the claimant may toll the one-year period for the claimant to file a formal application for benefits"); *Smith (Edward) v. Derwinski*, 2 Vet.App. 429 (1992) (holding that equitable tolling applies when VA failed to fulfill statutory duty to make "appellant aware of" requirement that he must specifically request retroactive pension benefits in order to be eligible to receive them); *Valasco v. West*, 12 Vet.App. 172 (1999) (per curiam order) (Steinberg, J., concurring) (discussing application by U.S. Court of Appeals for the Federal Circuit and by this Court of equitable tolling doctrines); *see also Hayre v. West*, 188 F.3d 1327, 1333-34 (Fed. Cir. 1999) (citing this Court's caselaw tolling period for appeal of adverse VARO decision to Board of Veterans' Appeals because of "grave procedural error" committed by RO, and concluding that "in the veterans' uniquely claimant friendly system of awarding compensation, systemic justice

3

Against this backdrop, at a minimum, the Court should require the Secretary to respond to the appellant's arguments specifically before making a decision as to what is required by 38 C.F.R. § 3.150(b).  *Cf.* U.S. VET. APP. R. 35(g) ("No response to a motion under this rule may be filed unless it is requested by the Court, but a motion for panel or full Court decision ordinarily will not be granted without such a request.").  I am reminded of *Laruan (Anchong) v. West*, 11 Vet.App. 80 (1998), where the Court seems to have acted based on an assumption that it knew VA's interpretation of the law and regulation and thus didn't require further briefing but, subsequently, was informed by the Secretary that such an assumption was in error.  *See* February 8, 1999, memorandum in response to Court's December 8, 1998, briefing order in *Trilles v. West*, No. 97-192, at 8 ("[t]he Secretary is unable to identify a statutory basis for the Court's conclusion that a person must establish that he or she has the status of veteran . . . before he or she may be considered a 'claimant' within the meaning of 38 U.S.C. § 5107(b)"); *see also D'Amico v. West*, 12 Vet.App. 357, 358-62 (1999) (en banc order) (Steinberg and Kramer, JJ., dissenting from denial of motion for full Court decision) (discussing Secretary's motion in *Trilles, supra*); *Linville v. West*, 11 Vet.App. 60, 64 (en banc) (Steinberg, J., dissenting) (expressing "concern about a highly unfortunate pattern that is emerging of late in this Court of deciding important questions of law without obtaining briefing on them from the parties and/or amici curiae"), *rev'd*, 165 F.3d 1382 (Fed. Cir. 1999).  The Court's most recent reluctance to obtain further briefing occurred in *Meeks v. West*, 12 Vet.App. 352 (1999), *en banc review denied*, 13 Vet.App. 40, 48 (1999) (en banc order) (Steinberg and Kramer, JJ., dissenting) ("we believe that the proper disposition of this appeal would be further briefing by the parties"); *appeal filed*, No. 99-7137 (June 29, 1999).

I believe that the Court should learn from its past mistakes and ought not again rush to judgment, in this case regarding the interpretation of VA's duty under 38 C.F.R. § 3.150(b). Accordingly, I voted to require the Secretary to file a response to all of the points raised in the appellant's motion.

---

and fundamental considerations of procedural fairness carry great significance").

4