**Barbara J. WESTBERRY,
Claimant–Appellant,**

v.

**Anthony J. PRINCIPI, Secretary of
Veterans Affairs, Respondent–
Appellee.**

**No. 00–7102.**

United States Court of Appeals,
Federal Circuit.

July 11, 2001.

Cindy B. Smith, Law Office of Cindy B. Smith, of Truckee, California, argued for claimant-appellant. Of counsel on the brief was Jeffrey Wood, of York, PA.

Joseph Trautwein, Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, of Washington, DC, argued for respondent-appellee. On the

brief were David M. Cohen, Director; James M. Kinsella, Deputy Director; and William K. Oliver, Attorney. Of counsel on the brief were Donald E. Zeglin, Deputy Assistant General Counsel; and Michael J. Timinski, Attorney, Department of Veterans Affairs, of Washington, DC.

Before PAULINE NEWMAN, MICHEL, and SCHALL, Circuit Judges.

MICHEL, Circuit Judge.

Barbara J. Westberry, the surviving spouse of deceased veteran Lamar Westberry, appeals the August 9, 1999 decision of a three-judge panel of the United States Court of Appeals for Veterans Claims ("the Veterans Court"), affirming the denial of an earlier effective date for the award and payment of death pension benefits. *Westberry v. West,* 12 Vet.App. 510 (1999) (*"Westberry I "*). Under 38 C.F.R. § 3.150(b), the Department of Veterans Affairs ("VA") must send an application to "any dependent who has apparent entitlement" to obtain death benefits. 38 C.F.R. § 3.150(b) (1994). Under the statute, a surviving spouse who was separated from the veteran is barred from entitlement to benefits unless he or she proves that the separation was caused by the veteran, and the spouse was without fault. 38 U.S.C. § 1541(a) (1994); 38 U.S.C. § 101(3) (1994). Because the VA has a duty to provide an application for benefits only when there is an "apparent entitlement," *i.e.,* where entitlement is evident and not merely a "possibility," it was under no duty to provide Mrs. Westberry with an application. The fact that she was separated from the veteran and the lack of any information in the VA file that the separation was solely the fault of the veteran made it "apparent" that she was not entitled to benefits. Therefore, we affirm the decision of the Veterans Court.

## Background

Lamar Westberry served on active duty from February 1951 to January 1954 and from October 1954 to December 1955. At the time of his death on February 7, 1987, Mr. Westberry had been receiving a 100 percent non-service-connected VA pension for both himself and his wife. Documents in Mr. Westberry's claims file at the time of death indicated that the Westberrys had been continuously married since 1981, but had recently separated and were living apart. There was no information in Mr. Westberry's VA file indicating why the couple separated.

On February 9, 1987, Mrs. Westberry called the Department of Veterans Affairs Regional Office ("VARO") to report her husband's death and to inquire into applying for death benefits. She provided her name, social security number, the veteran's name, the date of death, and her address. The VA erroneously told Mrs. Westberry that she was ineligible for death benefits because she did not have any minor children living at home. Consequently, Mrs. Westberry did not file a claim for benefits at that time, nor did the VA send Mrs. Westberry an application form.

On February 18, 1987, the VA sent a letter addressed to Mr. Westberry at Mrs. Westberry's address. The letter asked Mr. Westberry to supply the exact date of separation from his wife. The letter advised Mr. Westberry that failure to provide such information would result in the removal of his wife from his pension benefit at an earlier date and could result in overpayment in his account.

Six years later, on February 12, 1993, Mrs. Westberry filed for VA death pension benefits after learning from a newspaper

article that she might be eligible. Death benefits are generally not awarded to the surviving spouse where a couple has separated. An exception exists where the separation "was due to the misconduct of, or procured by, the veteran without the fault of the [surviving] spouse." 38 U.S.C. § 101(3). To determine whether Mrs. Westberry satisfied the exception, in March 1993, the VA requested that Mrs. Westberry provide details as to the cause of the separation. In response, Mrs. Westberry submitted affidavits and police reports documenting incidents of domestic violence. After reviewing the evidence, the VA determined that the separation was not Mrs. Westberry's fault. On July 15, 1993, the VA notified Mrs. Westberry that her claim for a pension was approved with an effective date of March 1, 1993.

Mrs. Westberry appealed to the Board of Veterans' Appeals ("Board"), contending that the effective date should have been six years earlier, in 1987, when she first requested information regarding death benefits. In a July 25, 1996 decision, the Board denied her claim. In a January 11, 1999 single-judge decision, the Veterans Court affirmed the Board's decision.

On August 9, 1999, the Veterans Court granted Mrs. Westberry's motion for a panel decision, withdrew the January 11, 1999 single-judge decision, and issued a three-judge panel decision affirming the July 1996 Board decision. The Veterans Court held that Mrs. Westberry's telephone conversation with a VA counselor in February 1987 was not an informal claim under 38 C.F.R. § 3.155(a) (1994). *Westberry I*, 12 Vet.App. at 513. The Veterans Court also held that the VA had no duty

under section 3.150(b) to send an application for death benefits to Mrs. Westberry upon receipt of notice of her husband's death. *Id.*

On February 3, 2000, the Veterans Court denied Mrs. Westberry's request for en banc rehearing. Judge Steinberg wrote an opinion dissenting from the denial of en banc rehearing. *Westberry v. West*, 13 Vet.App. 305 (2000) ("*Westberry II* ").

On March 29, 2000, Mrs. Westberry filed a timely appeal to this court. Her only argument on appeal is that under section 3.150(b), the VA was required to send her an application for death benefits. The failure of the VA to send the application, Mrs. Westberry contends, warrants relief under the doctrine of equitable tolling.[1] We heard oral argument on February 9, 2001.

## Analysis

Under the Veterans' Judicial Review Act, Pub.L. No. 100–687, Div. A, 102 Stat. 4105 (1988), we may review "the validity of any statute or regulation ... or any interpretation thereof ... that was relied on by the Court in making the decision." 38 U.S.C. § 7292(a) (1994). Our review is de novo.

▆ The sole issue in this appeal is whether Mrs. Westberry was "apparently entitled" to receive benefits, thus triggering the Secretary's duty under section 3.150(b) to provide her with an application for benefits. Death pension benefits are available to the "surviving spouse" of a veteran who meets the service require-

---

1. Neither party briefed or argued whether Mrs. Westberry's claim would be eligible for equitable tolling, assuming the VA was re-quired to send her an application under 38 C.F.R. § 3.150(b). Thus, we decline to decide that issue today.

ments of 38 U.S.C. § 1521(j) (1994), or who at the time of death was receiving or was entitled to receive compensation or retirement pay for a service-connected disability. 38 C.F.R. § 1541(a). A "surviving spouse" is defined as "a person of the opposite sex who was the spouse of the veteran at the time of the veteran's death, *and* who lived with the veteran continuously from the date of marriage to the date of the veteran's death ... and who has not. remarried or ... lived with another person and held himself or herself out openly to the public to be the spouse of such other person." 38 U.S.C. § 101(3) (emphasis added); 38 C.F.R. § 3.50(b) (defining "surviving spouse"). Generally, marital separation precludes the spouse of a veteran from eligibility for death benefits. An exception exists, however, if the separation "was due to the misconduct of, or procured by, the veteran without the fault of the spouse." 38 U.S.C. § 101(3); 38 C.F.R. § 3.50(b) (providing exception in cases of separation).

Under section 3.150(b), the VA must send an application to any "dependent" with "apparent entitlement" to benefits. Section 3.150(b) provides, in pertinent part:

> Upon receipt of notice of death of a veteran, the appropriate application form will be forwarded for execution by or on behalf of any dependent who has *apparent entitlement* to pension, compensation, or dependency and indemnity compensation. If it is not indicated that any person would be entitled to such benefits, but there is payable an accrued benefit not paid during the veteran's

lifetime, the appropriate application form will be forwarded to the preferred dependent.

*Id.* (emphasis added). The Secretary has defined a "dependent" as a veteran's "spouse or child." 38 C.F.R. § 3.23(d)(1) (1994). In defining "dependent," section 3.23(d)(1) further specifies that "[a] veteran's spouse who resides apart from the veteran and is estranged from the veteran may not be considered the veteran's dependent unless the spouse receives reasonable support contributions from the veteran." *Id.* The phrase "apparent entitlement" is not defined in the statute, in the regulations, or in any interpretive document cited for us.

 The parties disagree as to the meaning of the term "apparent entitlement." Mrs. Westberry argues that it should be construed broadly so as to require the VA to send an application to anyone who is "potentially" entitled to receive benefits. Thus, she argues that because a spouse separated from the veteran at the time of death could be entitled to death benefits—by proving that the separation was solely the fault of the veteran— under section 3.150(b), the VA must send an application.[2]

In applying the regulation, however, the Secretary has construed the phrase "apparent entitlement" more narrowly. Under the Secretary's construction, the VA need only look to whether the veteran and the spouse lived together continuously until the veteran's death. Alternatively, if the couple was separated, the VA need only determine whether VA records con-

---

2. To support her argument, Mrs. Westberry relies in part on the Veterans Adjudication Procedure Manual, M21-1. Because it appears from the Veterans Court opinion that Mrs. Westberry did not raise the issue before

the Veterans Court, we decline to address it here in the first instance. *Westberry I*, 12 Vet.App. at 514 (noting that the manual "has not been made an issue here").

tain any evidence that the separation was solely the fault of the veteran; if so, the VA has the duty to send an application.

■ We give substantial deference to the agency's interpretation of its own regulation unless "it is plainly erroneous or inconsistent with the regulation." *Thomas Jefferson Univ. v. Shalala,* 512 U.S. 504, 512, 114 S.Ct. 2381, 129 L.Ed.2d 405 (1994) (noting that the agency's interpretation must be given "controlling effect unless it is plainly erroneous or inconsistent with the regulation"); *see also Southern California Edison Co. v. United States,* 226 F.3d 1349, 1356–57 (Fed.Cir.2000) (referencing *Thomas Jefferson,* 512 U.S. at 512, 114 S.Ct. 2381) (noting that an agency's interpretation "must be given effect 'so long as the interpretation sensibly conforms to the purpose and wording of the regulations' ") (internal citation omitted). In this case, we find that the Secretary's construction or application of the regulation is not plainly erroneous or inconsistent with the language of the regulation.

The dictionary definition of the term "apparent" supports the Secretary's construction. "Apparent" is defined as "capable of being easily perceived," "obvious," "discernible," or "evident ." Random House Webster's Unabridged Dictionary 100 (2d ed.2000). In contrast, "potential" is defined as "possible, as opposed to actual," or "capable of becoming." *Id.* at 1035. Under the regulation, it is the "apparent" entitlement to benefits, and not merely "potential" or "possible" entitlement that triggers the VA's obligation to send an application. Entitlement is only "apparent" when it is discernible from the file that the claimant meets the basic eligibility requirements. It is undisputed that according to the information in the VA file, Mrs. Westberry did not satisfy the basic

eligibility requirements; at the time of Mr. Westberry's death, the couple was separated and living apart. The only exception to the general rule precluding eligibility for a separated spouse is where the file indicates that the separation was solely the fault of the veteran. It is undisputed that at the time of Mr. Westberry's death, *the VA did not have any information* indicating that this exception applied. Indeed, the information in Mr. Westberry's file at the time of his death indicated only that Mrs. Westberry would *not* be entitled to benefits. Thus, at the time of death, it was impossible for the VA to discern from the file that Mrs. Westberry was entitled to benefits.

Certainly, in some cases, the spouse may later be able to show that the separation was solely the veteran's fault, and therefore, the spouse would be entitled to benefits. By providing an application without request only to those "apparently entitled" to receive benefits, however, the VA does not prevent eligible claimants from obtaining benefits, nor does it affect any subsequent adjudication. Moreover, the fact that under the regulation, some eligible claimants will not receive the application does not lead to the conclusion that the VA has an obligation to send applications to *all* separated spouses. Indeed, section 3.150(b)'s governing statute, 38 U.S.C. § 5102 (1994), only requires the VA to send applications when requested. In implementing section 3.150(b), the Secretary imposed upon himself a greater obligation than required by statute. It would not be proper for us to impose an even greater burden upon the Secretary, as Mrs. Westberry argues.

### Conclusion

We hold that the Secretary's construction of section 3.150(b) is controlling, be-

cause it is in accordance with the language of the regulation. Therefore, we affirm the decision of the Veterans Court.

*AFFIRMED.*

NEWMAN, Circuit Judge, dissenting.

It is not disputed that Mrs. Westberry was eligible to receive surviving spouse benefits from the veteran's death in 1987. 38 U.S.C. § 1541(a). It is not disputed that when she made a timely inquiry in 1987 she was given misinformation by a VA official, who told her that she was not eligible for survivor's benefits because there were no minor children. In reliance thereon she did not file an application for such benefits until several years later, when she learned that she had been misinformed.

The regulations require the VA to send a survivor's benefits form to the surviving spouse. 38 C.F.R. § 3.150(b). It is not disputed that the VA failed to do so. Even on the VA's theory that its error was justifiable, it has no right to rely on its error in order to deprive Mrs. Westberry of the survivor's benefits to which she has always been entitled. Indeed, the VA does not dispute entitlement; it argues only that because she did not submit a formal claim in 1987, due to the VA's incorrect advice, she can not recover the benefits that she was entitled to receive from that date.

The ill-conceived reliance by the VA on the "apparent entitlement" clause of its regulation in order to justify its admitted errors is hard to reconcile with the VA's obligation to serve veterans and their dependents that underlies the regulation.

In this case Mrs. Westberry had promptly contacted the VA upon her spouse's death, and had been told she was ineligible on the concededly incorrect ground that there were no minor children in the home. Had she been told she was ineligible because the VA's records showed that she and Mr. Westberry were separated, she could then have provided the evidence of spousal abuse that she now provides. These errors by the VA require correction, not whitewash. I must, respectfully, dissent.