NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-7001

CATHY WOLFE,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

David D'Zurilla, Schwegman, Lundberg & Woessner, P.A., of Minneapolis, Minnesota, argued for claimant-appellant.

Meredyth D. Cohen, Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. With her on the brief were Jeffrey S. Bucholtz, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Martin F. Hockey, Jr., Assistant Director. Of counsel on the brief were David J. Barrans, Deputy Assistant General Counsel, and Tracey P. Warren, Attorney, Office of the General Counsel, United States Department of Veterans Affairs, of Washington, DC.

Appealed from: United States Court of Appeals for Veterans Claims

Judge Robert N. Davis

NOTE: This disposition is nonprecedential.

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

2008-7001

CATHY WOLFE,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D.
Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims
in case no. 05-1462, Judge Robert N. Davis.

_____

DECIDED: June 16, 2008
_____

Before SCHALL, Circuit Judge, CLEVENGER, Senior Circuit Judge, and GAJARSA, Circuit Judge.

CLEVENGER, Senior Circuit Judge.

Cathy Wolfe appeals from the final decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") which denied her request for an earlier effective date for her claim for death and indemnity compensation ("DIC") on account of the death of her husband, a veteran. We dismiss the appeal for lack of jurisdiction.

I

This court has limited jurisdiction to review a decision of the Veterans Court. We are empowered to review the validity or interpretation of any law applied by the Veterans Court. 38 U.S.C. § 7292(a)(2000). But absent a constitutional issue (and

none such is involved in this appeal), we lack jurisdiction to review factual determinations in decisions of the Veterans Court. Moody v. Principi, 360 F.3d 1306, 1310 (Fed. Cir. 2004).

II

In this case, the question is whether Mrs. Wolfe is entitled to an earlier effective date for her DIC claim than August 1, 1999, which is the date assigned to her by the Department of Veterans Affairs ("agency") after she filed a written claim for DIC in June of 2000. Her claim to an earlier date stems from the fact that she informed the agency by telephone on January 14, 1994, that her husband had died. In that telephone call, she did not claim any benefit on account of his death. Her telephone call was duly recorded by a regional office of the agency by a written report of contact, which simply noted that Robert A. Wolfe had died on January 10, 1994. If her telephone call, as memorialized by the report of contact, qualifies as a claim for DIC benefits, she could earn an earlier effective date.

Claims for benefits need not be formal. The agency's regulations permit informal claims, but the pertinent regulation specifies that an informal claim "must identify the benefit sought." 38 C.F.R. § 3.155(a).

The Veterans Court determined as a matter of fact that the combination of Mrs. Wolfe's telephone call and the consequent report of contact did not identify the benefit sought. Although Mrs. Wolfe contests this finding in her appeal to this court, the limits on our jurisdiction stop us from assessing the facts differently from the Veterans Court.

In the Veterans Court and before us, Mrs. Wolfe also argues that she may gain an earlier effective date based on another agency regulation. Section 3.150(b) of Title

38 provides that when the agency receives notice of a veteran's death (as it did here as a result of Mrs. Wolfe's telephone call), the agency will send the appropriate form to any dependent who has "apparent entitlement" to compensation. Mrs. Wolfe contends that at the time of her call to the agency, she had apparent entitlement to DIC compensation because the agency was considering adoption of a regulation that would have provided her with that entitlement. The Veterans Court considered Mrs. Wolfe's contention, but rejected it on the ground that, on the facts of her case, she had failed to show apparent entitlement to DIC benefits as of the date of her telephone call.

In Westberry v. Principi, 255 F.3d 1377 (Fed. Cir. 2001), this court was called upon to interpret the language of Section 3.150(b). We held that "apparent entitlement" requires that the entitlement be discernible from the agency's file that the claimant (here, Mrs. Wolfe) meets basic eligibility requirements. 255 F.3d at 1382. Also, the benefit sought must be more than "potential" or "possible." Id. Because we were called upon to decide between competing interpretations of the regulation in the Westberry appeal, we had jurisdiction to do so.

In this case, however, Mrs. Wolfe is not challenging the interpretation of the regulation laid down in Westberry. Instead, she is asking this court to review the factual decision of the Veterans Court that in her case she had not shown apparent entitlement to DIC benefits as of the date of her call to the agency. For the reasons set forth above, we lack jurisdiction to review the decision of the Veterans Court on this issue.

Without authority to overcall the Veterans Court on the grounds presented by Mrs. Wolfe, we dismiss the appeal.

## COSTS

No costs.