NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

———————————

**WILFREDO E. UGAY, ACTING AS THE PERSONAL REPRESENTATIVE OF THE ESTATE OF JAIME D. UGAY,**
*Claimant-Appellant*

**v.**

**DAVID J. SHULKIN, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

———————————

2016-2625

———————————

Appeal from the United States Court of Appeals for Veterans Claims in No. 15-3790, Judge Margaret C. Bartley.

———————————

Decided: October 6, 2017

———————————

WILFREDO E. UGAY, Surigao City, Surigao Del Norte, Philippines, pro se.

ANAND RAVI SAMBHWANI, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by CHAD A. READLER, ROBERT E. KIRSCHMAN,

JR., ELIZABETH M. HOSFORD; CHRISTOPHER O. ADELOYE, Y. KEN LEE, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

_____

Before MOORE, MAYER, and STOLL, *Circuit Judges.*

PER CURIAM.

Wilfredo E. Ugay, acting as the personal representative of the Estate of Jaime D. Ugay, appeals from the decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") affirming the Board of Veterans' Appeals ("Board") decision denying revision or reversal, based on clear and unmistakable error ("CUE"), of a November 2011 Board decision denying accrued benefits. For the reasons discussed below, we *dismiss* for lack of jurisdiction.

BACKGROUND

Felimon A. Elacion ("the veteran") served with the Philippine Commonwealth Army from September 1941 to May 1942 and with the Recognized Guerrillas and Combination Service from February 1943 to April 1946. He was awarded veteran service connection for psychosis and assigned a 100% evaluation, effective July 6, 1955. He died on March 1, 2005. The immediate cause of death was listed as multi-organ failure and the contributing cause of death was listed as "old age." At the time of his death, Jaime Ugay, Mr. Elacion's son-in-law, was his legal guardian. In October 2005, Jaime Ugay submitted an informal claim for burial benefits, and the following month, Veterans Affairs ("VA") sent him VA Form 21-530, "Application for Burial Benefits," and provided the VA's web site address "for general information about benefits and eligibility."

In December 2005, Jaime Ugay submitted the formal application for burial benefits and claimed the veteran's

death was service connected. The VA Regional Office ("RO") granted $300 in burial benefits, and Jaime Ugay disagreed with the decision. In a separate appeal, the RO denied service connection for the cause of death, which the Veterans Court affirmed in August 2010.

In November 2008, Jaime Ugay filed a formal claim for accrued benefits, seeking reimbursement for expenses related to the veteran's last sickness and burial. The RO denied the claim. Jaime Ugay appealed, and in November 2011, the Board denied the claim of entitlement to accrued benefits, finding there were no claims pending at the time of the veteran's death and the claim for accrued benefits was received by VA more than one year after the veteran's death. Jaime Ugay appealed to the Veterans Court, which dismissed his appeal for failure to file an opening brief.

In December 2014, Jaime Ugay filed a motion to reverse or revise, on the basis of CUE, the Board's November 2011 decision. In June 2015, the Board determined that the Board's November 2011 denial of entitlement to accrued benefits was not clearly and unmistakably erroneous. The Board determined that nothing in Jaime Ugay's statements submitted during the one-year period following the veteran's death, including the application for burial benefits, indicated he was seeking or believed he was entitled to accrued benefits, and it noted that the formal claim made through VA Form 21-601 was received by the RO in November 2008, more than one year after the veteran's death. It stated the VA's letter providing the form to claim burial benefits satisfied the VA's obligation under 38 C.F.R. § 3.150(b), and it declined to address arguments related to the merits of the underlying accrued benefits claim.

Jaime Ugay appealed, and in May 2016, the Veterans Court affirmed. The Veterans Court responded to Jaime Ugay's argument that the VA failed to send him a formal

application for accrued benefits pursuant to 38 C.F.R. § 3.150(b) and this failure excuses him from the obligation to file an accrued benefits claim within one year of the veteran's death. It quoted *Westberry v. Principi*, 255 F.3d 1377, 1382 (Fed. Cir. 2001), to explain "it is the 'apparent' entitlement to benefits, and not merely 'potential' or 'possible' entitlement that triggers the VA's obligation to send an application." It noted that the first and second sentences of § 3.150(b) state only that an application will be sent to a "dependent," but Jaime Ugay did not assert, and it did not discern a basis to conclude, that he meets any definition of "dependent."

The Veterans Court also responded to Jaime Ugay's argument that the October 2005 application for burial benefits constituted a timely informal claim for accrued benefits. It determined that because Jaime Ugay was not the veteran's surviving spouse or child, his application for burial benefits could not constitute an informal claim for dependency and indemnity compensation, and the VA was not required to consider his claim for burial benefits as a claim for accrued benefits under 38 C.F.R. § 3.152. The Veterans Court concluded that the Board's decision was supported by adequate reasons or bases and was not arbitrary, capricious, an abuse of its discretion, or otherwise not in accordance with the law.

Jaime Ugay appealed to this court, but the appeal was dismissed for failure to file a conforming, informal opening brief. On January 3, 2017, Wilfredo Ugay ("Mr. Ugay"), Jaime's son, informed this court that his father passed away and moved to substitute himself as appellant. By order filed March 22, 2017, this court recalled the case's mandate, reinstated the appeal, and authorized the substitution of the Estate of Jaime D. Ugay as appellant in the appeal.

Mr. Ugay, acting as the personal representative of the Estate of Jaime D. Ugay, appeals from the Veterans Court's decision.

## DISCUSSION

Our jurisdiction to review decisions by the Veterans Court is limited by statute. Unless an appeal raises a constitutional issue, we lack jurisdiction to review "a challenge to a factual determination" or "a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2).

Mr. Ugay does not challenge the validity of any statute or regulation or the interpretation thereof. *See* 38 U.S.C. § 7292(d)(1). The Veterans Court's review of the Board's July 2015 determination as to whether there was CUE in the Board's November 2011 decision involves only the application of law to fact.

Mr. Ugay's arguments on appeal challenge the Board's factual determinations and the Veterans Court's application of law to the facts of his case. He argues the Veterans Court failed to assess the scope of his claim in view of the entire evidence of record. But the Veterans Court's evaluation and weighing of evidence are factual determinations which we lack jurisdiction to review. Mr. Ugay asserts that the Veterans Court legally erred in interpreting a number of statutory and regulatory provisions, such as 38 C.F.R. § 3.150(b), but the Veterans Court did not interpret or expand upon the meaning of any statutes, regulations, or other legal principles. *See Githens v. Shinseki*, 676 F.3d 1368, 1372 (Fed. Cir. 2012). Mr. Ugay asserts that his appeal raises a constitutional issue, but because he fails to identify or elaborate upon any constitutional issue and merely challenges the merits of the Veterans Court's decision, his characterization of any issue as constitutional does not control. *See Flores v. Nicholson*, 476 F.3d 1379, 1382 (Fed. Cir. 2007).

CONCLUSION

Because we lack jurisdiction over Mr. Ugay's appeal, we *dismiss*.

**DISSMISSED**

COSTS

No costs.