NOTE:  This disposition is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

---

**JULIA M. BURNS,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF
VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2021-1878

---

Appeal from the United States Court of Appeals for
Veterans Claims in No. 19-5946, Judge Michael P. Allen.

---

Decided:  July 22, 2022

---

KENNETH DOJAQUEZ, Carpenter Chartered, Topeka,
KS, argued for claimant-appellant.

MATTHEW JUDE CARHART, Commercial Litigation
Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee.
Also represented by BRIAN M. BOYNTON, ERIC P. BRUSKIN,
BORISLAV KUSHNIR, PATRICIA M. MCCARTHY; BRIAN D.
GRIFFIN, EVAN SCOTT GRANT, Office of General Counsel,

United States Department of Veterans Affairs, Washington, DC.

———————————

Before STOLL, SCHALL, and CUNNINGHAM, *Circuit Judges.*

SCHALL, *Circuit Judge.*

## DECISION

Julia M. Burns is the surviving spouse of Willie J. Burns, a veteran. She appeals the January 22, 2021 decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") in *Burns v. Tran*, No. 19-5946, 2021 WL 222260 (Vet. App. Jan. 22, 2021). In that decision, the Veterans Court affirmed the May 10, 2019 decision of the Board of Veterans' Appeals ("Board") that denied Mrs. Burns's motion to revise on the basis of clear and unmistakable error ("CUE") a December 2012 rating decision that granted an effective date of May 4, 2011, but no earlier, for the award of service connection for the cause of her husband's death. J.A. 31. For the reasons set forth below, we *dismiss* for lack of jurisdiction.

## DISCUSSION

### I

Mr. Burns served in the United States Army from January of 1971 to April of 1972. His time in the Army included service in the Republic of Vietnam ("Vietnam"). *Burns*, 2021 WL 222260, at *1. On November 18, 2000, Mr. Burns died of a myocardial infarction. Within a year of her husband's death, Mrs. Burns requested that the Department of Veterans Affairs ("VA") provide her with a flag for his burial. J.A. 31.

In March of 2010, the VA proposed revisions to the regulation governing presumptive service connection for diseases associated with exposure to herbicides. 75 Fed. Reg. 14,391 (Mar. 25, 2010). Relevant to this case, the Secretary

of Veterans Affairs determined that myocardial infarction should be presumptively service connected to service in Vietnam, where the United States used the herbicidal Agent Orange. *Id.* at 14,392–93, 14,401. These proposed revisions went into effect on August 31, 2010. 75 Fed. Reg. 53,202, 53,216 (Aug. 31, 2010) (Final Rule); *see* 38 C.F.R. § 3.309(e) (2010).[1]

Following this regulatory change, in May of 2012, Mrs. Burns submitted a claim to the VA for dependency and indemnity compensation ("DIC") benefits based upon the fact that Mr. Burns had served in Vietnam and had died of a myocardial infarction. J.A. 11–18.

In a decision dated December 13, 2012, the VA regional office ("RO") granted service connection due to the presumption of Mr. Burns having been exposed to Agent Orange. *Id.* at 19–20. Pursuant to 38 C.F.R. § 3.114(a)(3), the RO assigned an effective date of May 4, 2011, which was one year prior to the receipt of Mrs. Burns's claim. *Id.* at 21. Mrs. Burns did not appeal the RO's decision, and it became final. *Id.* at 34.

In February of 2017, Mrs. Burns moved to revise the December 2012 rating decision on the basis of CUE. *Id.* at 23–24. In this motion, which was made before the RO, Mrs. Burns argued that her request for a burial flag put the VA on notice that Mr. Burns had died and that 38 C.F.R. § 3.150(b) required the VA to send her an application for

---

[1] The Agent Orange Act, 38 U.S.C. § 1116, grants a presumption of service connection for veterans who served in Vietnam and who suffer from certain diseases. Section 3.309(e) of 38 C.F.R. provides the list of diseases "associated with exposure to certain herbicide agents" that are subject to presumptive service connection if certain other requirements are met. 38 C.F.R. §§ 3.307(a)(6), 3.309(e).

DIC benefits. *Id.*[2] Mrs. Burns contended that she filed an informal claim for survivor benefits when she notified the VA of her husband's death. *Id.* at 24. Consequently, she claimed, she was entitled to an effective date of November 19, 2000, the day after her husband's death, for her DIC benefits. *Id.* On April 25, 2017, the RO denied Mrs. Burns's CUE motion. *Id.* at 43–44.

By separate letter dated September 14, 2017, Mrs. Burns requested "that the entire paper claims file in th[e] case be made available for [her attorney] to review in person." *Id.* at 25. On March 15, 2018, the VA notified Mrs. Burns's attorney that the folder relating to her claim was sent to the VA's Records Management Center in 2012, but that the folder had been destroyed. *Id.* at 26. The VA further stated that the records remained available electronically. *Id.* In the meantime, Mrs. Burns had appealed the denial of her CUE motion to the Board. *Id.* at 45.

By Order dated May 10, 2019, the Board denied Mrs. Burns entitlement to an effective date earlier than May 4, 2011, for the grant of service connection for Mr. Burns's death. *Id.* at 31–39. The Board observed that 38 C.F.R. § 3.150(b) only requires the VA to forward an application for benefits to dependents who have "apparent entitlement" to such benefits. *Id.* at 33. The Board determined that, in 2000, when she requested a burial flag, Mrs. Burns did not have "apparent entitlement" for two reasons. *First*, she could not have had apparent entitlement based upon benefits being received by Mr. Burns because prior to his death Mr. Burns "was not service connected for any disabilities." *Id.* at 36. *Second*, Mrs. Burns could not have had

---

[2]    38 C.F.R. § 3.150(b) provides that, "[u]pon receipt of notice of death of a veteran, the appropriate application form will be forwarded for execution by or on behalf of any dependent who has apparent entitlement to pension, compensation, or dependency and indemnity compensation."

apparent entitlement to benefits based upon presumptive exposure to Agent Orange because myocardial infarction, Mr. Burns's cause of death, was not added to 38 C.F.R. § 3.309(e) until 2010, approximately nine years after Mrs. Burns notified the VA of her husband's death. J.A. 37. Accordingly, the Board concluded that the RO did not commit CUE when it assigned an effective date of May 4, 2011, for Mrs. Burns's entitlement to DIC benefits. *Id.*

As noted, in its decision dated January 22, 2021, the Veterans Court affirmed the decision of the Board. *Burns*, 2021 WL 222260, at \*3. In its decision, however, the court took an approach different from that followed by the Board. The court started from the premise that a violation of the VA's duty to assist cannot constitute CUE. *Id.* at \*2 & n.17 (citing *Cook v. Principi*, 318 F.3d 1334, 1344 (Fed. Cir. 2002) (en banc)). The court then held that 38 C.F.R. § 3.150(b) "imposes a duty-to-assist requirement on VA to forward the appropriate forms to dependents with apparent entitlement." *Id.* at \*3 (internal quotation marks and citation omitted). Because violations of the duty to assist cannot constitute CUE, the Veterans Court concluded that an alleged violation of § 3.150(b) likewise could not constitute CUE. *Id.* The court stated that it did not need to reach the question of Mrs. Burns's "apparent entitlement" to benefits under the regulation. *Id.* Nevertheless, the court expressed approval of the Board's decision on this point. *Id.* Following the decision of the Veterans Court, Mrs. Burns timely appealed.

II

Our jurisdiction to review decisions of the Veterans Court is limited by statute. 38 U.S.C. § 7292. We have jurisdiction to decide an appeal insofar as it presents a challenge to the court's decision regarding a rule of law, including a decision about the interpretation or validity of any statute or regulation. *Id.* at § 7292(a), (d)(1). However, we lack jurisdiction to entertain a challenge to a factual

determination or a challenge to the application of a law or regulation to the facts of a particular case where, as here, the appeal presents no constitutional issue. *Id.* at § 7292(d)(2).

## III

On appeal, Mrs. Burns makes two arguments. Her first argument is that the Veterans Court erred in holding that § 3.150(b) is a duty-to-assist regulation. According to Mrs. Burns, the duty-to-assist doctrine focuses on the VA's obligation to obtain evidence, which does not exist until an application for benefits is filed. Appellant's Br. 7, 9–11.[3] Second, Mrs. Burns turns to the requirement in § 3.150(b) that the surviving spouse "ha[ve] apparent entitlement to [benefits]." *Id.* at 15–16. Citing the fact that records relating to her claim were destroyed, Mrs. Burns asks us to invoke the doctrine of spoliation, *see Residential Funding Corp. v. DeGeorge Financial Corp.*, 306 F.3d 99, 107 (2d Cir. 2002); *Silvestri v. General Motors Corp.*, 271 F.3d 583, 590 (4th Cir. 2001), and impose upon the VA an adverse inference as to what the destroyed records would demonstrate:

> The willful destruction of Mr. Burns' records prevents Mrs. Burns from meeting any standard, no matter how narrow or broad, to demonstrate that she had an "apparent entitlement" to benefits. In keeping with the pro-veteran nature of this benefits scheme, and the Court's important interest in controlling the judicial process, it would be appropriate in this case to presume that the evidence VA destroyed was favorable to Mrs. Burns and established that she had "apparent entitlement to

---

[3]    The Secretary agrees with Mrs. Burns that § 3.150(b) is not part of the VA's statutory duty to assist. Appellee's Br. 27. We agree with the parties on this point.

[benefits].” As such, the VA had an obligation under § 3.150(b) to send her an application.

Appellant’s Br. 19.

Recognizing that the core issue in this case is whether, at the time of her husband’s death, Mrs. Burns had apparent entitlement to DIC benefits, the Secretary takes the position that this is a factual matter that we lack jurisdiction to decide. Appellee’s Br. 14–15. In the alternative, the Secretary argues that, if we do reach the issue, we should affirm the determination of the Board and the Veterans Court that, at the time of her husband’s death, Mrs. Burns did not have apparent entitlement to DIC benefits. *Id.* at 15–18. Finally, the Secretary urges us to reject Mrs. Burns’s spoliation argument. *Id.* at 18–26.

In reply, Mrs. Burns does not address the Secretary’s jurisdictional argument. Rather, urging us to apply the spoliation doctrine and thus apply an adverse inference against the Secretary, she contends that the record establishes an apparent entitlement to DIC benefits as of the date of Mr. Burns’s death in November of 2000. Appellant’s Br. 13–17. Mrs. Burns thus urges us to reverse the Veterans Court’s affirmance of the Board’s denial of her CUE motion. *Id.*

IV

We agree with the Secretary that we lack jurisdiction in this case. The question in the case is whether Mrs. Burns had apparent entitlement to benefits when she requested a burial flag in 2000. As seen above, the Board determined, based upon the facts before it (that Mr. Burns was not receiving benefits at the time of his death and that myocardial infarction was not added to 38 C.F.R. § 3.309(e) until 2010), that Mrs. Burns could not have had apparent entitlement to DIC benefits at the time of her husband’s death in 2000. In asking us to hold that the Board erred in its CUE determination, Mrs. Burns is asking us to resolve

factual matters beyond our jurisdiction. *See Wolfe v. Peake*, 281 F. App'x 993, 994–95 (Fed. Cir. 2008).

CONCLUSION

For the foregoing reasons, we lack jurisdiction to adjudicate Mrs. Burns's appeal. The appeal is therefore dismissed.[4]

**DISMISSED**

COSTS

No costs.

---

[4]    Because we lack jurisdiction in this case, it is not necessary for us to address Mrs. Burns's spoliation claims. We note, however, that even if we were to agree that an adverse presumption could apply in the context of VA proceedings, *see Jandreau v. Nicholson*, 492 F.3d 1372, 1375 (Fed. Cir. 2007); *Cromer v. Nicholson*, 455 F.3d 1346, 1350–51 (Fed. Cir. 2006), Mrs. Burns's claim of spoliation would require us to address factual matters and/or the application of law to fact. These would include, *e.g.*, whether the records were destroyed with a culpable state of mind and whether the destroyed records were relevant to Mrs. Burns's claim. *See Residential Funding Corp.*, 306 F.3d at 107. Accordingly, even if the spoliation claim were properly before us, we would lack jurisdiction to adjudicate it.