NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**BOB H. SCHELLINGER,**

*Claimant-Appellant*

**v.**

**ROBERT A. MCDONALD, SECRETARY OF
VETERANS AFFAIRS,**

*Respondent-Appellee*

_____

2015-7070

_____

Appeal from the United States Court of Appeals for Veterans Claims in No. 13-2254, Judge Alan G. Lance, Sr.

_____

Decided: October 1, 2015

_____

BOB H. SCHELLINGER, Putnam, CT, pro se.

PETER ANTHONY GWYNNE, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., SCOTT D. AUSTIN; Y. KEN LEE, CHRISTINA LYNN GREGG, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

_____

Before NEWMAN, DYK, and TARANTO, *Circuit Judges.*

NEWMAN, *Circuit Judge.*

Mr. Bob H. Schellinger appeals the decision of the United States Court of Appeals for Veterans Claims (CAVC) affirming the decision of the Board of Veterans' Appeals that denied an effective date earlier than November 15, 2007, for the award of service connection for heart disease, including hypertensive heart disease and coronary artery disease. *Bob H. Schellinger v. Robert A. McDonald, Sec. of Veterans Affairs,* No. 13-2254 (Vet. App. Jan 16, 2015). The appeal is dismissed, for it raises only factual questions whose review is not within our appellate jurisdiction.

## BACKGROUND

Mr. Schellinger served in the U.S. Marine Corps from November 1961 until September 1963. On May 21, 1970, he filed a claim for compensation, claiming service connection for "high blood pressure and a skin condition caused by nerves." Record before the Agency at 2335. On June 9, 1970, the Department of Veterans Affairs (VA) granted service connection for the anxiety disorder but denied service connection for hypertension, concluding that Mr. Schellinger's hypertension was caused by obesity and was not service connected. By statute, a Notice of Disagreement must be filed within one year.

The VA's records show receipt, on November 15, 2007, of a copy of a letter dated September 1970, stating Mr. Schellinger's disagreement with the denial of his hypertension claim. Part of the debate concerns when this letter was first sent to the VA. Apparently the letter whose copy was received on November 15, 2007, did not receive acknowledgement in 1970. On November 18, 2011, the VA's Hartford Regional Office granted Mr. Schellinger service connection "for heart disease to in-

clude hypertensive heart disease and coronary artery disease," and assigned a 100 percent disability rating with an effective date of November 15, 2007.

On November 5, 2012, Mr. Schellinger challenged the effective date, citing his letter of September 1970. The Board issued a decision on July 2, 2013, including finding of the following facts:

> The RO denied the Veteran's claim for service connection for hypertension in June 1970; he did not disagree with this decision; and he has not claimed it was tainted by clear and unmistakable error.

> A letter dated in September 1970 was initially received by VA in November 2007.

> The Veteran filed an initial claim for service connection for heart disease in November 2007; nothing in the file could be construed as an earlier informal claim for service connection for heart disease.

Bd. Op. at 2. The Board found that "the earliest indication that the Veteran desired service connection for heart disease as secondary to his psychiatric disorder was the November 2007 formal claim for that benefit." Bd. Op. at 11.

The Board also analyzed whether Schellinger's several hospitalizations with the VA starting in 1995, could be considered an informal claim for service connection for his hypertension. The Board concluded the hospitalizations were not an informal claim because his claim for service connection for hypertension had been "denied outright" in 1970, and medical records may only be used as informal claims "for increase or to reopen" claims for an "already service-connected condition." *Id.* at 8 (*citing* 38 C.F.R. § 3.157 and *King v. Shinseki*, 23 Vet. App. 464, 468 (2010)). The Board also concluded that "the simple

existence of medical records reflecting diagnosis and treatment of heart disease, without any communication from Schellinger himself, cannot be construed as an intention to reopen the prior denial of service connection for hypertension." *Id.* at 9–10.

The Board denied Schellinger's claim that he was entitled to an effective date earlier than November 15, 2007 for his award of secondary service connection for heart disease. *Id.* at 11. Mr. Schellinger appealed to the CAVC.

On March 21, 2014, as an attachment to his informal brief, Schellinger attached a copy of the September 1, 1970 letter to the Board that, the CAVC observed, "appears to contain two date stamps." CAVC Op. 3. One of the date stamps is May 21, 1970 (the date the original claim was filed), and the other date stamp is November 15, 2007 (the date a copy of the letter was received by the VA as contained in the VA's records).

The CAVC ruled that the Board had correctly denied an effective date earlier than November 15, 2007. The CAVC also found that despite the September 1, 1970 date on the letter, the earliest that the VA received the letter was November 15, 2007. Applying the presumption of administrative regularity as discussed in *Fithian v. Shinseki*, 24 Vet.App. 146, 151 (2010), the CAVC ruled that even if Schellinger had sent the letter in 1970, that would be insufficient to rebut the presumption that the VA did not receive the letter because the VA is presumed to have acknowledged or acted in some way on the letter, had it been received. The CAVC affirmed the Board's ruling that no Notice of Disagreement was filed within the statutory one-year period.

The CAVC also agreed with the Board that nothing in the record could be construed as an informal claim for service connection for heart disease prior to the November 15, 2007 letter. Thus the CAVC affirmed that the earliest

date for which Mr. Schellinger was entitled to service connection for heart disease was November 15, 2007.

The CAVC ruling was a one-judge decision, as the court's rules authorize. Mr. Schellinger moved for reconsideration, or for a panel decision. The CAVC granted the motion for a panel decision. The panel then held that Mr. Schellinger had not demonstrated that "1) the single-judge memorandum decision overlooked or misunderstood a fact or point of law prejudicial to the outcome of the appeal, 2) there is any conflict with precedential decisions of the Court, or 3) the appeal otherwise raises an issue warranting a precedential decision." CAVC Op. at 1.

On appeal to this court, Mr. Schellinger states that the law was incorrectly applied in determining whether a timely Notice of Disagreement was filed.

DISCUSSION

This Court may review a Veterans Court decision on "all relevant questions of law, including interpreting constitutional and statutory provisions" and may set aside any regulation or interpretation thereof that is "(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege, or immunity; (C) in excess of statutory jurisdiction, authority, or limitations, or in violation of a statutory right; or (D) without observance of procedure required by law." 38 U.S.C. § 7292(d)(1). Except to the extent that an appeal from a CAVC decision presents a constitutional issue, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2); *Mayfield*, 499 F.3d at 1321.

We recognize that the Appellant is acting pro se. We apply the principle that "pro se pleadings are to be liberally construed." *Hughes v. Rowe*, 449 U.S. 5, 9–10 (1990);

*Forshey v. Principi*, 284 F.3d 1335, 1357 (Fed. Cir. 2002) (en banc).

Mr. Schellinger filed a statement with the court on September 2, 2015, directing the court to various parts of the record, and providing five documents as attachments. We have accepted these materials as a Memorandum in Lieu of Oral Argument, and observe that the documents enclosed and referenced were before the VA. These filings have been duly considered.

The only issue is the factual question of whether a timely NOD was filed in 1970. Appellant's Br. at 1. We discern no basis for reversing the CAVC's conclusion, which was based on the presumption of administrative correctness, and the undisputed finding that Mr. Schellinger made no inquiry until 2007.

No constitutional or statutory issues are present. Since the only issues raised are questions of fact, the appeal is dismissed.

No costs.

**DISMISSED**