﻿Citation Nr: 19172627
Decision Date: 09/18/19 Archive Date: 09/18/19

DOCKET NO. 16-05 220
DATE: September 18, 2019

ORDER

VA has received new and material evidence to reopen a claim of service connection for depression, previously claimed as immature personality, mental, and emotional problem disorder. To this extent only, the appeal is granted.

VA has received new and material evidence to reopen a claim of service connection for a self-inflicted gunshot wound resulting in partial paralysis, as secondary to depression. To this extent only, the appeal is granted.

REMANDED

Entitlement to service connection for depression, previously claimed as immature personality, mental, and emotional problem disorder, is remanded.

Entitlement to service connection for a self-inflicted gunshot wound resulting in partial paralysis, as secondary to depression, is remanded.

FINDINGS OF FACT

1. VA last denied the Veteran's claims for service connection for depression, previously claimed as immature personality, mental, and emotional problem, and a self-inflicted gunshot wound resulting in partial paralysis, as secondary to depression, in August 2005. The Veteran did not appeal these denials, nor did he submit new and material evidence within one year of it. Therefore, the August 2005 rating decision became final. 

2. The Veteran filed claims for service connection for depression, previously claimed as immature personality, mental, and emotional problem, and a self-inflicted gunshot wound resulting in partial paralysis, as secondary to depression, in July 2012. He submitted new and material evidence with these claims. 

CONCLUSIONS OF LAW

1. The August 2005 rating decision denying the claims for service connection for depression, previously claimed as immature personality, mental, and emotional problem, and a self-inflicted gunshot wound resulting in partial paralysis, as secondary to depression, is final based on the evidence then of record. 38 U.S.C. § 7105; 38 C.F.R. §§ 3.104(a), 3.160(d), 20.200, 20.302, 20.1103.

2. New and material evidence since that decision has been submitted to allow the reopening of the claims for service connection for depression, previously claimed as immature personality, mental, and emotional problem, and a self-inflicted gunshot wound resulting in partial paralysis, as secondary to depression. 38 U.S.C. § 5108; 38 C.F.R. § 3.156(a).

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty from June 1980 to June 1982. 

This matter comes before the Board of Veterans’ Appeals (Board) on appeal from a September 2013 rating decision of the Department of Veterans Affairs (VA).

New and Material Evidence – General

Under 38 U.S.C. § 7104(b), the Board has no jurisdiction to consider a claim based on the same factual basis as a previously disallowed claim. King v. Shinseki, 23 Vet. App. 464 (2010); see DiCarlo v. Nicholson, 20 Vet. App. 52, 55 (2006) (holding that res judicata generally applies to VA decisions). However, the finality of a previously disallowed claim can be overcome by the submission of new and material evidence. See 38 U.S.C. § 5108.

New evidence means evidence not previously submitted to agency decision makers. Material evidence means evidence that, by itself or when considered with previous evidence, relates to an unestablished fact necessary to substantiate the claim. New and material evidence can be neither cumulative nor redundant of the evidence of record at the time of the last prior final denial of the claim sought to be reopened, and it must raise a reasonable possibility of substantiating the claim. 38 C.F.R. § 3.156(a). 

Issue 1: Whether VA has received new and material evidence to reopen a claim of service connection for depression, previously claimed as immature personality, mental, and emotional problem disorder

Issue 2: Whether VA has received new and material evidence to reopen a claim of service connection for a self-inflicted gunshot wound resulting in partial paralysis, as secondary to depression. 

VA last denied the Veteran’s claims for service connection for depression, previously claimed as immature personality, mental, and emotional problem, and a self-inflicted gunshot wound resulting in partial paralysis, as secondary to depression, in August 2005. The Veteran did not appeal these denials, nor did he submit new and material evidence within one year of it. Therefore, the August 2005 rating decision became final. 

At the time of the August 2005 denial, the record consisted of partial service treatment records, VA treatment records, and service personnel records. Subsequently, VA added VA treatment records to the record, and the Veteran added private treatment records to the file. These records are new. They are also material because they help substantiate his claims, and they relate to a reason VA previously denied his claims.

Reopening of the Veteran’s the claims for service connection for depression, previously claimed as immature personality, mental, and emotional problem, and a self-inflicted gunshot wound resulting in partial paralysis, as secondary to depression, based on the receipt of new and material evidence is therefore warranted. Shade v. Shinseki, 24 Vet. App. 110 (2011) (holding that the phrase “raises a reasonable possibility of substantiating the claim” in applicable regulation as “enabling rather than precluding reopening”). To this extent only, the appeals are granted.

REASONS FOR REMAND

Remand is warranted for two reasons.

First, under 38 C.F.R. § 20.1304(c), any pertinent evidence that is submitted to the Board, including evidence obtained and added to the file by VA, must be referred to VA for initial review unless this right is waived by the appellant or representative in writing or on the record during a hearing. Additionally, under 38 U.S.C. § 7105(e)(1), for substantive appeals received on or after February 2, 2013, a waiver of VA review is not required for new pertinent evidence that is submitted by the appellant or representative, and the Board may proceed with adjudication and consideration of the new evidence in the first instance. VA has not interpreted this automatic waiver to apply, as here, to evidence the appellant did not submit. Because VA added relevant VA treatment records on July 15, 2016, two weeks prior to the date VA certified the appeal, remand for a Supplemental Statement of the Case is appropriate. 

Second, the VA treatment records added on July 15, 2016 show VA has been treating the Veteran for depression for an extended period. A March 2013 psychological assessment is particularly important. This assessment suggests, but does not conclusively state, that a) the Veteran's depression originated in service, b) the Veteran self medicated with alcohol on which he became dependent, and c) the combination of depression and alcohol dependence caused his self-inflicted gunshot wound in May 1988. 

Relatedly, the undersigned notes an October 25, 1983 VA Administrative Decision (AD) that succinctly summarizes the Veteran’s service. The AD recounts, as the Veteran has argued, that he performed satisfactorily for approximately 18 months after enlistment. However, the Veteran began abusing drugs in late 1981. This led to a series of events which culminated in an April 1982 “Psychiatric Profile.” The psychiatrist, as noted in the AD, recommended discharge “by reason of [the Veteran's] immature personality disorder which existed prior to enlistment.” The AD, however, does not identify that the PP includes a statement that the Veteran “spent the interview blaming the Marine Corps for his ‘feelings of depression.’” This statement, when combined with a May 1988 treatment record from the self-inflicted gunshot wound citing “discussion concerning patient’s depression,” require consideration by a VA examiner. 

Because the June 2013 VA examiner did not have access to the VA treatment records added in July 2016, did not discuss the PP statement regarding depression, and did not discuss the May 1988 treatment record regarding depression in his opinion, remand is necessary to obtain a new VA examination that considers these records.

The matters are REMANDED for the following action:

1. An October 12, 2012 entry in VBMS labeled "third party correspondence" contains a letter discussing VA treatment records from the southern California VA medical system. The letter describes that treatment records were submitted via CD-ROM. The records contained on this CD-ROM do not appear in VBMS. Therefore, contact the appropriate medical center (likely Loma Linda) and obtain all available records from this facility and upload them to VBMS.

2. Obtain updated treatment records from the Sacramento VAMC dated from March 2016 to present.

3. Schedule the Veteran for a VA examination to determine the nature and etiology of his depression, previously claimed as immature personality, mental, and emotional problem disorder skin disorder. 

The examiner is advised that service connection may not be granted for personality disorders. However, separate psychiatric disorders superimposed upon a pre-existing personality disorder may be service connected.

The examiner should opine on the following: 

Is it at least as likely as not (50 percent probability) that the Veteran’s depression either began during or was otherwise caused by the Veteran’s military service? Why or why not?

In answering this question, the examiner should expressly address: 

a) the April 1982 “Psychiatric Profile," which noted the Veteran “spent the interview blaming the Marine Corps for his ‘feelings of depression.” 

b) The May 1988 treatment record from Memorial Hospital of South Bend for the self-inflicted gunshot wound citing “discussion concerning patient’s depression,” and 

c) the March 2013 VA psychological assessment discussed above.

The examiner should also opine on the following: 

a) The June 2013 examiner diagnosed the Veteran with a personality disorder. Has the Veteran's depression been superimposed upon this personality disorder? Why or why not? 

b) What role, if any, did the Veteran's depression play in his decision to shoot himself in May 1988?

c) What role, if any, did the Veteran's personality disorder play in his decision to shoot himself in May 1988?

 

 

KELLI A. KORDICH

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board M. Sopko, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.